IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**THOMAS BAILEY, III**
**ADC #148850**   **PETITIONER**

V.   CASE NO. 4:19-CV-222-JM-BD

**STATE OF ARKANSAS**   **RESPONDENT**

## RECOMMENDED DISPOSITION

**I.**   **Procedure for Filing Objections:**

This Recommended Disposition (Recommendation) has been sent to Judge James M. Moody Jr. Any Party to this suit may file written objections. To be considered, objections must be filed with the Clerk of Court within 14 days. Objections should be specific and should include the factual or legal basis for the objection.

If parties do not object, they may lose the right to appeal questions of fact. And, if no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record.

**II.**   **Discussion:**

Petitioner Thomas Bailey is serving a sentence in the Arkansas Department of Correction (ADC) after pleading guilty in August 2015 in Pulaski County Circuit Court to a variety of violent and nonviolent property crimes, including aggravated robbery.[1] Mr. Bailey was sentenced as a habitual offender to 13 years' imprisonment in the ADC. On

---

[1] Mr. Bailey pleaded guilty in five separate Pulaski County Circuit Court Cases. See https://caseinfo.arcourts.gov/cconnect/ (case numbers 2014-1826, 2014-2784, 2014-2028, 2014-2450, 2010-339).

April 12, 2019, he filed this federal petition for writ of habeas corpus (docket entry #1) under 28 U.S.C. § 2254.

In an April 12, 2019 Order, the Court alerted Mr. Bailey to specific problems with his petition. (#2) First, he had not satisfied the filing fee requirement either by filing a motion to proceed *in forma pauperis* (IFP) or by paying the $5.00 filing fee. (*Id.*) The Court cautioned Mr. Bailey that if he wished to pursue this case, he would have to file a request to proceed IFP or pay the $5.00 filing fee within 30 days; otherwise, his petition would be dismissed. (*Id.*) The Clerk mailed an IFP application to Mr. Bailey along with a copy of the April 12 Order.

Second, the Court warned Mr. Bailey that his petition did not state how his custody violated the United States Constitution or federal law, as requied to state a valid federal habeas corpus claim. See 28 U.S.C. § 2254(a). Mr. Bailey was ordered to file an amended petition within 30 days explaining how his current custody was in violation of the Constitution or laws of the United States.

The 30-day time for complying with the requirements set out in the April 12 Order has passed; yet, Mr. Bailey has neither addressed the filing fee requirement nor amended his petition.

**III.    Certificate of Appealability:**

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. *See* Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Bailey has made a substantial showing that he was denied a constitutional right. 28

U.S.C. § 2253(c) (1)-(2). In this case, Mr. Bailey has not provided a basis for the Court to issue a certificate of appealability. Accordingly, a certificate of appealability should be denied.

**IV.    Conclusion:**

The Court recommends that Mr. Bailey's petition be dismissed, without prejudice, under Local Rule 5.5(c)(2), for failure to comply with the Court's April 12, 2019 Order.

DATED this 16th day of May, 2019.

                                                    UNITED STATES MAGISTRATE JUDGE